# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**ZEAVON IRBY**  **PLAINTIFF**
**ADC #156709**

v.  No: 4:21-cv-00849-LPR-PSH

**CURTIS PRICE**  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Zeavon Irby, an inmate at the North Central Unit of the Arkansas Division of Correction, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on September 23, 2021 (Doc. No. 1). Irby has been granted *in forma pauperis* status (Doc. No. 4). For the reasons stated herein, Irby's claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). While construed liberally, a *pro se* complaint must contain enough facts to state a claim for relief that is plausible on its face, not merely conceivable.

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Irby alleges that Corporal Curtis Price slammed Irby's finger in

his barracks door and did not take seriously Irby's complaints of injury to his finger. Doc. No. 1 at 4. Irby claims that after he washed and wrapped his finger, he asked Price to call the infirmary and he did so. *Id.* He alleges that the nurse in the infirmary did not take pictures of his wound or follow proper procedures and that he did not receive appropriate medical treatment afterwards. *Id.* The Court construes Irby's complaint as attempting to state an Eighth Amendment deliberate-indifference claim.[1]

The Eighth Amendment's proscription of cruel and unusual punishment obligates prison officials to provide adequate medical care to inmates in their custody. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976). To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and

---

[1] The Court does not construe Irby's complaint as stating an excessive force claim. "After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). The Court is to consider whether force was used in a good faith effort to maintain or restore discipline, or whether it was used maliciously and sadistically to cause harm when evaluating an excessive force case. See *Ward v. Smith*, 844 F.3d 717 (8th Cir. 2016). In this instance, Irby does not claim that Price intentionally closed the barracks door on his finger in a malicious effort to cause harm to him. In fact, his complaint specifically states that Price was not paying attention when he closed the barracks door on Irby's finger. Doc. No. 1 at 4.

mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Irby has not stated a deliberate indifference claim against Price. While Irby believes Price should have taken his injury more seriously and gotten help sooner, his complaint states that Price called the infirmary when Irby asked him to. Irby has not alleged that Price was deliberately indifferent to his serious medical needs; at most, he alleges that Price was negligent in not realizing the extent of Irby's injuries and obtaining treatment sooner.

Additionally, Irby describes no facts to support his bare allegation that he did not receive appropriate medical treatment. He does not name any medical care provider as a defendant in this case. He does not describe why he believes the treatment of his injury was insufficient or how his injury was worsened as a result of the treatment he received. Irby's conclusory allegation that he did not receive appropriate medical treatment is not sufficient to state a claim for relief. *See Bell Atlantic Corporation v. Twombly, supra.*

Finally, Irby's allegations that prison regulations were not followed does not support a constitutional violation. Inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance

regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

### III.  Conclusion

For the reasons stated herein, it is recommended that:

1. Irby's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 25th day of October, 2021.

_____
UNITED STATES MAGISTRATE JUDGE